**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF APPLICATION FOR  :
ADMISSION TO PRACTICE IN THIS COURT  :

### PETITION

I, Erick G. Kaardal, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court. In support of my petition, I state as follows:

My office address is: Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402

Office Telephone: 612-341-1074

I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts.

See attached list.

My attorney Identification number is: 229647 (MN)

---

**FOR COURT USE ONLY**

_____ GENERAL ADMISSION:

GRANTED BY THE COURT: _____   Date: _____

_____ SPECIAL ADMISSION:

GRANTED BY THE COURT _____   Date: _____

ERICK G. KAARDAL

| Jurisdiction/Court (attorney number) | Admission Year |
|---|---|
| Minnesota   229647 | 10/3/1992 |
| Wisconsin   1035141 | 10/13/1999 |
| Shakopee Mdewakanton Sioux Community Tribal Court | 2015 |
| US Court of Federal Claims | 2000 |
| US Tax Court | 1997 |
| US District Courts: | |
|      District of Columbia   WI0031 | 2013 |
|      Michigan – Eastern District | 2023 |
|      Michigan – Western District | 2020 |
|      Minnesota | 1992 |
|      Wisconsin Eastern | 2020 |
|      Western District of Wisconsin | 1995 |
|      Central District of Illinois | 2017 |
| US Court of Appeals: | |
|      DC Circuit   55643 | 2014 |
|      Federal Circuit | 2007 |
|      3rd Circuit | 2018 |
|      6th Circuit | 2020 |
|      7th Circuit | 2018 |
|      8th Circuit | 1993 |
| US Supreme Court   224490 | 1995 |

Please Answer the Following Questions:

All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)

None.

All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

I do ☐, do not ☑, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain:
Minnesota OLPR investigation pending, but no disciplinary proceeding pending.

I am seeking:

■  General Admission under Local Rule LR 83.8.1

☑  Special Admission (specify by placing a checkmark in the appropriate rule below)

LR 83.8.2.1 ☑, LR 83.8.2.2 ☐, LR 83.8.2.3 ■, or LR 83.8.2.4 ☐

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

I am admitted to practice in other U.S. District Courts and in Minnesota and Wisconsin.

I have no pending displinary proceedings.

NAME THE PARTY YOU REPRESENT:

Plaintiffs Keefer et al.

If special admission is requested for a particular case, please list case number and caption:

Case # 1:24-cv-00147-JPW

Caption # Keefer et al. v. Biden et al.

I understand that:

1)     If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2)     If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences, and trials. (See LR 83.9)

    If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:

Karen Disalvo, 80309
1451 Quentin Road, Suite 232, Lebanon, PA 17042
(717) 281-1776

3)     If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

Erick G. Kaardal
PETITIONER

229647 MN
(Bar Identification Number and State where admitted)
01/31/2024
(Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER  Erick G. Kaardal

**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CODE OF PROFESSIONAL CONDUCT**

**As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:**

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are lifelines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

                                                I agree to subscribe to the above Code of Professional Conduct:

                                                Erick G. Kaardal
                                                _____
                                                Signature