IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REPRESENTATIVES DAWN KEEFER, ET AL. | : No. 1:24-cv-00147-JPW |
| Plaintiffs | : |
| v. | : |
| JOSEPH R. BIDEN, ET AL. | : |
| Defendants | : |

**MOTION OF THE FOUNDATION FOR GOVERNMENT ACCOUNTABILITY FOR LEAVE TO PARTICPATE AS *AMICUS CURIAE* AND FILE BRIEF**

The Foundation for Government Accountability ("FGA") respectfully moves for leave to participate as *amicus curiae* and to file the brief attached hereto as Attachment 1 in support of Plaintiffs' Motion for Preliminary Injunction. In support of this motion, FGA states as follows:

1. FGA is a nonpartisan, nonprofit organization that helps millions achieve the American dream by improving election integrity policy at the state and federal levels. Launched in 2011, FGA promotes policy reforms that empower individuals to take control of their futures, including through free and fair elections that inspire confidence and encourage participation. FGA has a history of providing *amicus curiae* briefs in

similar matters, including briefs filed before U.S. District Courts in the Northern District of Georgia, the Western District of Texas, and the Northern District of Ohio, as well as in the U.S. Courts of Appeal for the Tenth and Eleventh Circuits. All five of these cases, three of which are still ongoing, involve issues related to state election-integrity similar to the issue in this case. FGA is also Plaintiff in an ongoing case in the Middle District of Florida centering on the Biden administration's refusal to comply with the federal FOIA statute in response to FGA's efforts to promote transparency around Executive Order (EO) 14019, the same order that is a central issue in this case. *See The Found. For Gov't Accountability v. United States*, 2:22-cv-252 (M.D. Fla.); *see also* 5 U.S.C. 552(a)(3).

    2.    Courts have inherent authority and "broad discretion" in permitting participation by *amicus curiae*. *See, e.g.*, *Wortham v. KarstadtQuelle AG*, 153 Fed. Appx. 819, 827 (3rd Cir. 2005). There is a strong basis for an *amicus* brief to be allowed when the *amicus curia* "has a 'special interest' in the particular case," interest in some other case that may be affected by the decision in the present case, or when the *amicus* has information or perspective that is "timely and useful" and

can help the court. *Feesers, Inc. v. Michael Foods, Inc.*, 2006 U.S. Dist. LEXIS 103917 (M.D. Pa. 2006). Again, "[t]he extent … to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Wayne Land & Mineral Group LLC v. Del. River Basin Comm'n*, 2016 U.S. Dist. LEXIS 173709 (M.D. Pa. 2016).

  3. As a non-partisan, non-profit organization that focuses on election integrity issues across the nation as part of its core mission, FGA is in a unique position to provide the Court with timely and useful insights and perspectives not available from the parties to the pending action. The proposed *amicus* brief, while supportive of Plaintiffs' position, is not duplicative of Plaintiffs' filing, but rather provides a broader and more national perspective on the issue raised in this case, EO 14019. This is important for the Court as a decision made in this Pennsylvania case could have national implications, impacting FGA's core mission of promoting election integrity reforms that make it easy to vote, but hard to cheat.

  4. In this case, more than two dozen Pennsylvania state legislators are challenging the constitutionality of EO 14019, a first-of-its-kind

effort by the current administration to use the power and reach of the federal executive branch in partnership with "approved" third-party groups to engage in a targeted voter registration and mobilization effort with zero transparency or oversight. This effort is occurring not only in Pennsylvania, but across the country. Thus, this case has national and constitutional implications beyond its own merits.

    5.    As stated above, FGA has filed *amicus* briefs in the past in support of election integrity, including briefs in federal court cases in Georgia, Texas, Florida, Kansas, and Ohio demonstrating that multiple federal courts have found granting leave to FGA to file an *amicus* brief to be beneficial to the Court.

    6.    The proposed *amicus* brief of FGA is timely.

    7.    For the foregoing reasons, FGA respectfully requests that this Court grant leave to participate as *amicus curiae* in this case and to file the brief attached to this motion.

Dated: February 23, 2024	Respectfully submitted,

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Tele: (215) 665-0842
wally@zimolonglaw.com


David Craig (*pro hac vice* pending)
Sofia DeVito (*pro hac vice* pending)
Stewart L. Whitson (*pro hac vice* pending)
FOUNDATION FOR
GOVERNMENT ACCOUNTABILITY
15275 Collier Blvd., Suite 201
Naples, FL  34119
Telephone: (239) 244-8808
dcraig@thefga.org
sdevito@thefga.org
stewart@thefga.org

*Attorneys for Amicus Curiae, Foundation for Government Accountability*

5

## CERTIFICATE OF CONCURRENCE

Under Local Rule 7.1, I certify that I sought concurrence from Kuntal Cholera, Esq., counsel for United States defendants, and he has given me concurrence.

I sought concurrence from counsel for the Commonwealth defendants, Erich T. Greiner, Esq., but received no response from Attorney Greiner.

                                                Respectfully submitted,

Dated: February 23, 2024               */s/ Walter S. Zimolong III*
                                                   WALTER S. ZIMOLONG III, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Middle District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

                                                  Respectfully submitted,

Dated: February 23, 2024          */s/ Walter S. Zimolong III*
                                                  WALTER S. ZIMOLONG III, ESQ.